The STATE OF MONTANA *v.* OSKAR O. LYMPUS, Attorney Respondent.

No. 11053.

Decided January 18, 1966.

410 P.2d 445.

PER CURIAM:

This is the first disciplinary proceeding instituted by the Commission on Practice of the Supreme Court created by Order of the Court on January 5, 1965, which Order contains the rules pertaining to disciplinary procedures before this Court, the Commission, and Judicial District Grievance Committees.

On September 9, 1965, complaint in this matter was filed by the Commission on Practice of the Supreme Court, seeking disciplinary action against Oskar O. Lympus, an attorney at law of this court. Citation was issued and service effected upon Lympus on September 14, 1965, requiring written answer within twenty days next following such service. No appearance was filed by Lympus, either personally or by an attorney in his behalf. Having failed to answer the complaint he stood

in default and the Commission proceeded to hear the matter and make findings and recommendations.

On December 10, 1965, the Commission filed with this Court its report, findings and recommendations; citation was issued notifying Lympus of the filing thereof and such citation, together with copy of the report, findings and recommendations, were personally served upon him on December 13, 1965. Such citation commanded Lympus to appear within ten days following service thereof and file exceptions to the report, or elect not to file exceptions thereto; further, that in the event of the failure to file exceptions or elect not to except to the report, the Supreme Court would proceed to consider the recommendations of the Commission, all in accordance with the rules governing such proceedings adopted by the Court.

No response has been received to such citation, and the Court now proceeds to consider the findings and recommendations of the Commission.

The complaint was in three counts. The Commission found as to the first count, In the Matter of the Estate of L. R. Goforth, Deceased, that Lympus was appointed executor and acted as sole attorney; that on November 24, 1964, the district court suspended him as such executor and on December 16, 1964, Lympus was ordered to file an accounting in the Estate on or before January 15, 1965; that no such accounting was ever made or filed; that upon the appointment of Lympus as executor he took possession of the assets of the estate of a value of approximately $15,000; that he did not keep and maintain such assets separate and apart from his own funds, or funds belonging to other persons, and did wilfully commingle the estate funds with his own funds; that since his suspension he has failed, neglected and refused to pay over the assets of the estate and has refused to account to any person concerning the assets of the estate and that during the course of these proceedings when he was summoned to appear before the Grievance Committee, Lympus deliberately failed and refused to

answer interrogatories concerning the assets of the estate and wilfully concealed material facts in relation thereto.

As to the second count the Commission found that after the appointment of Lympus as a co-executor of the Estate of Lily B. Henderson he withdrew the sum of $5,958.23 from an account maintained by the decedent in the Missoula Building and Loan Association and redeposited the money in a personal account maintained by him, and from which account he did use said moneys belonging to the Henderson Estate for purposes not connected with the Estate; that he was suspended as such co-executor by order of the district court; and that during the course of these proceedings when summoned by the Grievance Committee, Lympus wilfully refused to make written or oral answers to interrogatories propounded to him by the Grievance Committee and refused to account orally, or otherwise, concerning his handling of the moneys belonging to the Henderson Estate.

As to the third count, the Commission found that Lympus has been addicted to the use of intoxicating liquor to an extent that he has been disqualified during a great portion of the time from properly performing his duties and obligations as a practicing attorney.

In general, the Commission found that Lympus in the performance of his duties as attorney, executor, and co-executor in the Estates hereinbefore mentioned, had been guilty of deceit and fraud involving moral turpitude and had violated his duties as an attorney and counsellor of this court.

Exemplifying the attitude of Lympus, we quote this interchange from the record with respect to the assets of the L. R. Goforth Estate:

"Q. Have you the Trust Account figures and ledgers during the period from June 13, 1953, to date? A. I do.

"Q. Will you make the figures and ledgers available to us? A. I will not.

"Q. Will you permit us to check the balance in the Oskar

O. Lympus Trustee Account in the Western Montana Bank as of this date? A. I will not."

We find the findings of the Commission to be sustained by substantial, clear, convincing and satisfactory evidence.

The Commission recommends that Lympus be disciplined by striking his name from the roll of attorneys of this Court.

The conduct disclosed by this record cannot be tolerated, the accused is guilty of deceit, fraud, and malpractice involving moral turpitude, and violation of his duties as an attorney and counsellor of this court.

It is therefore ordered that Oskar O. Lympus be disbarred from the practice of law and that his name be stricken from the roll of attorneys, and that he be hereby precluded from practicing as an attorney in the courts of this state.

It is further ordered that copy of this Order be furnished each of the Judges of the Fourth Judicial District, the Clerk of the Federal District Court for the District of Montana, the Clerk of the Ninth Circuit Court, the Chairman of the Commission, the Chairman of the Grievance Committee of the Fourth Judicial District, the Clerks of the District Courts of the counties in the Fourth Judicial District, and counsel for the Commission on Practice who handled this matter.

It is further ordered that copy of this Order be transmitted to the County Attorney of Missoula County, Montana, for his guidance in any further proceedings which may appear necessary in the circumstances.